# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA MULLARKEY<br>9508 Fordham Rd.<br>Philadelphia, PA 19114<br><br>　　　　Plaintiff,<br><br>v.<br><br>PATRICIA REILLY FOOD<br>CONCEPTS, INC. d/b/a BURITTO ELITO<br>9812 Falls Rd., Ste. 205<br>Potomac, MD 20854<br>　　　　and<br>AIRMEALS-PHILADELPHIA, LLC d/b/a<br>BURITTO ELITO<br>9812 Falls Rd., Ste. 205<br>Potomac, MD 20854<br>　　　　and<br>CATHY REILLY<br>c/o Patricia Reilly Food Concepts, Inc. and<br>Airmeals-Philadelphia, LLC<br>9812 Falls Rd., Ste. 205<br>Potomac, MD 20854<br>　　　　and<br>MARILU LEBEL<br>c/o Patricia Reilly Food Concepts, Inc. and<br>Airmeals-Philadelphia, LLC<br>9812 Falls Rd., Ste. 205<br>Potomac, MD 20854<br><br>　　　　Defendants. | CIVIL ACTION<br><br>CASE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Patricia Mullarkey (hereinafter referred to as "Plaintiff" unless indicated otherwise), hereby complains as follows against Patricia Reilly Food Concepts, LLC, Airmeals-Philadelphia, LLC, Cathy Reilly, and Marilu LeBel (*hereinafter* collectively referred to as "Defendants"), and avers as follows:

## INTRODUCTION

1.      Plaintiff initiates the instant action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq.*), the Pregnancy Discrimination Act ("PDA"), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants citizens of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under the Title VII/PDA and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the Pennsylvania Human Relations Act once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant Title VII and PDA claims identically.

Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Patricia Reilly Food Concepts, Inc. (*hereinafter* referred to as "Defendant PRFC") is a company that owns and operates a variety of restaurants, and is headquartered at the above-captioned address.

9. Defendant Airmeal-Philadelphia, LLC (*hereinafter* referred to as "Defendant Airmeal") is a company that owns and operates a variety of restaurants, and is headquartered at the above-captioned address.[2]

10. Defendant Entities are incorporated in Maryland. Both entities are identified as being headquartered at the same address as in the caption of this Complaint within the Secretary of State. Upon information and belief, these entities comprise one general operation and were a joint employer of Plaintiff during her period of employment with Defendant Entities.

11. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendant Entities are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

---

[2] Defendant PRFC and Defendant Airmeal are *hereinafter* collectively referred to as "Defendant Entities," unless otherwise indicated herein.

12. Defendant Cathy Reilly (*hereinafter* referred to as "Defendant Reilly") is upon information and belief a high-level Human Resources manager and a decision maker concerning terms and conditions of employment for employees (including Plaintiff) of Defendant Entities including but not limited to hiring, firing, and issuing discipline.

13. Defendant Marilu LeBel (*hereinafter* referred to as "Defendant LeBel") is upon information and belief a high-level manager and a decision maker concerning terms and conditions of employment for employees (including Plaintiff) of Defendant Entities including but not limited to hiring, firing, and issuing discipline.[3]

14. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

15. Defendant Entities are "employers" within the meaning of the Title VII/PDA because, at all times relevant herein, Defendant Entities have employed at least fifteen (15) or more employees for at least 20 weeks during each calendar year of Plaintiff's employment with Defendant Entities.

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. At all relevant times herein, Plaintiff was employed by Defendant Entities as a General Manager at Defendant Entities' 8800 Essington Ave, Pennsylvania location (*hereinafter* "Philadelphia Airport location").

18. Plaintiff is female.

---

[3] Defendant LaBelle and Defendant Reilly are *hereinafter* collectively referred to as "Defendant Individuals," unless otherwise indicated herein.

4

19. Plaintiff worked for Defendant Entities' Philadelphia Airport location for approximately one year and two months.

20. During Plaintiff's employment with Defendant Entities, Plaintiff was supervised by Defendant LeBel.

21. In or about March of 2013, Plaintiff informed Defendant Entities' management, including Defendant LeBel (Plaintiff's supervisor) and Defendant Reilly (Defendant Entities' HR manager) that she was pregnant and that she intended to take maternity leave (an FMLA-qualify leave) for the birth of her child.

22. At no point in time after learning of Plaintiff's intent to take maternity leave did Defendants inform Plaintiff of her individualized FMLA rights in accordance with FMLA regulations; thus, Defendants failed to follow proper notice, designation, and informational regulations of the FMLA.

23. After informing Defendant Entities' management of her pregnancy and intention to take maternity leave in March of 2013, Defendant Entities' management, including but not limited to Defendant Individuals, became hostile and expressed animosity towards Plaintiff.

24. The hostility and animosity that Plaintiff received from Defendant Individuals (as discussed *supra*) included but was not limited to giving her unwarranted and pretextual discipline and questioning her about her ability to perform her job duties while pregnant.

25. Shortly before being terminated from Defendant Entities (as discussed *infra*), Plaintiff complained to Defendant Entities' management, including but not limited to Defendant Individuals, that she felt as though she was being discriminated and retaliated against because of her pregnancy and request for maternity leave.

26. In or about mid-April of 2013, shortly after informing Defendant Entities' management of her pregnancy and intent to take maternity leave and in close proximity to her aforementioned complaint of pregnancy discrimination, Plaintiff was terminated by Defendants for completely pretextual reasons.

27. Plaintiff was told that the reason for her termination was because of the issue surrounding her last write up, because she was a no-call/no-show on March 23, 2014, and because she told two employees (who were supervisors) to lie for her on March 23, 2014.

28. Plaintiff believes and therefore avers though that her termination was really premised upon her pregnancy and in retaliation for requesting an FMLA-qualifying leave, for reasons including but not limited to:

> (1) Plaintiff's termination followed shortly after informing Defendant Entities' management of her pregnancy and intent to take maternity leave and in close proximity to her aforementioned complaint of pregnancy discrimination;
>
> (2) Plaintiff maintains that she was not scheduled to work on March 23, 2014;[4]
>
> (3) After inquiring as to whether Defendants' needed her help on March 23, 2014, Plaintiff was informed (by the same individuals that Defendants claim Plaintiff asked to lie for her) that she did not need to come in on such date;
>
> (4) The issue surrounding Plaintiff's last write up had already been resolved prior to her termination; and
>
> (5) Despite Defendants' handbook providing that an employee will be terminated if he/she is a no-call/no-show for ***two*** consecutive days, Plaintiff was terminated for allegedly missing only ***one*** day of work.

---

[4] At Plaintiff's unemployment hearing, Defendants presented a work schedule with Plaintiff's name written in for March 23, 2013; however, Plaintiff maintains that she never saw that version of the work schedule prior to her unemployment hearing.

## First Cause of Action
### Violations of Title VII/PDA
(Wrongful Termination - Gender/Pregnancy Discrimination/Retaliation)
- Against Defendant Entities Only -

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff is qualified under the Title VII/PDA for protection because she was pregnant.

31. Plaintiff was terminated because of her pregnancy and/or because she complained about pregnancy discrimination.

32. Defendant Entities' action of terminating Plaintiff because of her pregnancy and/or complaints of pregnancy discrimination constitutes violations of Title VII/PDA.

## Second Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
(Interference and Retaliation)
- Against All Defendants –

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

35. Plaintiff requested leave from Defendant Entities, her employer(s), with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

36. Plaintiff had at least 1,250 hours of service with the Defendant Entities during her last full year of employment.

37. Defendant Entities are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

38. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

39. Defendant Entities committed interference and retaliation violations of the FMLA by disciplining and later terminating Plaintiff: (1) for requesting and/or exercising her FMLA rights; (2) to dissuade Plaintiff from utilizing FMLA leave; (3) by considering Plaintiff's FMLA leave needs; and (4) to prevent her from taking further FMLA-qualifying leave in the future.

40. Defendant Individuals are personally liable because they aided and abetted the interference and retaliation and personally participated in the retaliatory and discriminatory decisions asserted herein (particularly with disciplining and terminating Plaintiff).

41. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and

seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

  C. Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

            Respectfully submitted,

            **KARPF, KARPF, & CERUTTI, P.C.**

            _____
            Ari R. Karpf, Esquire
            3331 Street Road
            Two Greenwood Square
            Suit 128
            Bensalem, PA 19020
            (215) 639-0801

Dated: January 21, 2014

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Patricia Mullarkey | : | CIVIL ACTION |
| v. | : | |
| Patricia Reilly Food Concepts, Inc. d/b/a Buritto Elito, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 1/22/2014 | Ari R. Karpf | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __9508 Fordham Road, Philadelphia, PA 19114__

Address of Defendant: __9812 Falls Road, Suite 205, Potomac, MD 20854__

Place of Accident, Incident or Transaction: __Defendants place of business__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Ari R. Karpf__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __1/22/2014__      _____      __ARK2484__
                          Attorney-at-Law              Attorney I.D.# __91538__

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/22/2014__      _____      __ARK2484__
                          Attorney-at-Law              Attorney I.D.# __91538__

CIV. 609 (5/2012)

●JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MULLARKEY, PATRICIA

(b) County of Residence of First Listed Plaintiff  Philadelphia

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

PATRICIA REILLY FOOD CONCEPTS, INC. d/b/a BURRITO ELITO, et al.

County of Residence of First Listed Defendant  Montgomery

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability / ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII (42USC2000) and the FMLA (29USC2601)

Brief description of cause:
Violations of Title VII, the FMLA, the Pregnancy Discrimination Act and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE 1/22/2014

SIGNATURE OF ATTORNEY OF RECORD